JAMES O'BRIEN v. WILLIAM F. CREITZ.

1. ACTION TO QUIET TITLE; *Possession of Plaintiff.* An action to quiet title may be brought by the holder of the legal title when he is not in possession, if the real estate for which he holds the title is vacant. (*Eaton v. Giles*, 5 Kas., 24, approved and followed.)

2. RECORD; *Testimony, Presumption.* Where the record does not purport to contain all the testimony, a reviewing court cannot assume that it does.

*Error from Jackson District Court.*

ACTION to quiet title. The question here was whether the plaintiff, not being in actual possession, and the land being vacant, could maintain the action. The action was tried at the April Term 1871, and the district court gave judgment for the plaintiff. The defendant below brings the case here on error.

*Keller & Snyder*, for plaintiff in error:

1. The evidence shows that the lot is vacant and unoccupied. Sec. 594 of the code provides that an action may be brought by any person *in possession* by himself or tenant. Before Creitz can recover, he must show legal title in himself, and actual possession by himself or tenant. *Eaton v. Giles*, 5 Kas., 24.

2. The only title that Creitz has to the lot, is a deed from Geo. W. Anderson and W. E. Nicely, dated March 4th, 1870, and a deed from Charles C. Whiting to Anderson and Nicely, dated November 29, 1860. Whiting is not shown to have had any title whatever to said lot.

3. The record does not show even constructive possession in Creitz. To show this, when no actual possession is proved, a connected chain of title must be shown from the government down, or to some grantor under which Creitz claims, who had actual possession. 5 Kas., 24; 8 Ohio, 382; 17 Ohio St., 72; 31 Mo., 333; 16 N. Y., 519.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendant in error to quiet title to a lot in the town of Holton. In his petition he alleged that he held the legal title, and was in peaceable possession, and that O'Brien set up an adverse interest. Upon the trial he testified that the lot was entirely vacant and unoccupied, and then offered his deeds, which were objected to on the ground that he had not shown himself in actual possession. The objection was overruled, and this is alleged as error. We see none. It was decided in *Eaton v. Giles*, 5 Kas., 24, that "an action to quiet title may be brought by the holder of the legal title when he is not in possession, if the real estate for which he holds the title is vacant." Where real estate is unoccupied and vacant the holder of the legal title has the constructive *possession*. It is true, when there is no actual possession the party holding title cannot proceed under § 594 of the civil code. Yet he is

not therefore without remedy.   He can have his title determined and protected.   See case of *Eaton v. Giles*, just cited. It is further insisted that the plaintiff did not show a legal title in himself, his chain of title commencing with a deed from C. C. Whiting.   It is true only two deeds are preserved in the record, but there is nothing to show that it contains all the testimony, and we are not at liberty therefore to assume that it does, and that the plaintiff did not prove title from government by regular chain of conveyances to himself. The judgment will be affirmed.

All the Justices concurring.