No. 18,479.

WILLIE TURNER DOWDELL, a minor, etc., *Appellee*, v. THE SUNFLOWER GRAND LODGE, KNIGHTS OF PYTHIAS OF KANSAS (ELLA MOSELY et al., *Appellants*).

### SYLLABUS BY THE COURT.

BENEFICIARY SOCIETY — *Death of Member — Benefits — Adopted Child—Presumptions.* As sections 5064 and 5065 of the General Statutes of 1909, which prescribe the procedure in adoption proceedings, do not require that all the evidence produced in such a proceeding be incorporated in the record thereof and the record involved in this case does not purport to contain all the evidence therein, we will not presume that it does, but will presume that evidence was produced, including that portion set forth in the record, sufficient to sustain the order made and judgment rendered.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed December 6, 1913. Affirmed.

*D. C. Tillotson,* and *C. F. Spencer,* both of Topeka, for the appellants; *James H. Guy,* of Topeka, of counsel.

*George H. Stuessi,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The undisputed facts are that the Sunflower Grand Lodge is a beneficiary society duly organized under the laws of this state; that Louis Dowdell became a member of the order in 1905 and received therefrom an endowment certificate which entitled his wife, she having been duly named as the beneficiary therein, to the sum of three hundred dollars if she survived him and he remained a member in good standing until his death; that the beneficiary died about August 9, 1909, before her husband; that he remained in good standing until his death, which occurred about December 6, 1909, but he named no other beneficiary.

It is alleged in the petition that the constitution of the order in such case provides the priority which persons eligible to the fund shall take, in case the person named in the application shall fail, as follows: one, widow; two, children; three, mother; four, father; five, sisters and brothers of the whole blood; six, affianced wife; seven, persons dependent upon the member; eight, sisters and brothers of the half blood; nine, other blood relations.

The appellee, by his guardian, commenced this action, alleging that he was the only legal heir of Louis Dowdell, the member, and that he performed all the conditions of the endowment certificate and is entitled to the sum due thereon; also that he has had possession of such certificate since the death of Louis Dowdell, a copy of which is attached to the petition.

The Sunflower Grand Lodge admitted its liability upon the certificate of endowment but alleged that there was a dispute as to whom the fund belonged, and upon its request the court ordered the fund to be paid into court and discharged the grand lodge from further liability.

By leave of court Ella Mosely and Susie Winfrie filed an answer and cross-petition admitting all the facts alleged in the petition which go to the liability of the grand lodge on the endowment certificate and also admit the death of Louis Dowdell and Julia Dowdell. They denied all and singular the material allegations of the petition except as expressly admitted. By way of cross-petition they alleged that they were sisters of the whole blood of Louis Dowdell and were the sole and only blood relations of Louis Dowdell surviving him; that by the constitution and laws of the order they were entitled to receive the three hundred dollars due on the endowment certificate. They also set

9—91 KAN.

forth a copy of section 1 of article 1 of the so-called new constitution. It reads:

"1. . . . Provided further, that in any case where such person or Lodge so named can not for any cause take such fund, the same shall descend to the heirs of such person so named, if there be any. Should there be none, then to the heirs of the member, who, in either case, shall take in the following order: (1) widow, (2) children of the whole blood, (3) mother, (4) father, (5) sisters and brothers of the whole blood, (6) affianced wife, (7) sisters and brothers of the half blood, (8) other blood relation in lineal order. Provided further, that in no case can any but a person related by blood to the member become a beneficiary, except the wife of such member, or affianced wife. It being expressly declared that no person related to the member by marriage, except as aforesaid, or adoption can become eligible to take such beneficiary fund, and no person not related to the beneficiary named, by blood, can be eligible to take such fund or any part thereof. Provided further, that should there be no person as herein provided eligible to such fund, the same shall revert to and become a part of the Endowment Funds of this Order."

If this provision of the constitution is applicable, the fund would descend first to the heirs of Julia Dowdell, she being the person "so named," if there be any; if not, then to the heirs of Louis Dowdell, but if it descended to the heirs of Louis Dowdell, the appellee, not being a child of the whole blood, could not inherit it but it would go to the interpleaders. This last article is referred to in the brief of appellants as the new constitution and it is tacitly admitted that the line of descent as alleged in the petition is correct according to the provisions of the old constitution. There is no allegation as to the time when the new section was adopted. The court, over the objection of the appellants, admitted the copy of section 1 of the old constitution and refused to admit new section 1 in evidence, which was offered by appellants and objected to by appellee. The Grand Keeper of Records and Seals of

the order testified that the new section was printed in the new constitution and had been in force long prior to the July, 1910, meeting of the grand lodge. How long prior is not shown. The old section was under date of 1904 and there is no evidence that the new section was adopted prior to the issuance of the certificate of endowment.

If Willie Dowdell was, therefore, legally adopted by Louis Dowdell and his wife, he would be entitled to recover the fund whichever of the two sections of the constitution be regarded as controlling. Under the old section and the provisions of our statute he would inherit the fund as the child and heir of Louis Dowdell. Under the new section he would inherit the fund as the heir of Mrs. Dowdell, the beneficiary named, unless the adoption proceedings are void. Willie and Louis Dowdell being, so far as shown, the only heirs of Mrs. Dowdell, Louis could not, of course, inherit the fund, no right to which accrued in her lifetime, but only upon his death.

The question to be determined, then, is whether the record of the adoption of Willie Dowdell by Louis Dowdell and wife is sufficient, aided by proper presumptions, to show a valid adoption, or whether, on the contrary, the adoption proceeding was absolutely void.

Where the record does not purport to contain all the testimony, a reviewing court can not assume that it does. (*O'Brien v. Creitz,* 10 Kan. 202.) A reviewing court will never presume error, but the error, if any, must be affirmatively shown. (*Hall v. Jenness & Cohen,* 6 Kan. 356.)

The statute does not require that the record of the probate court should set forth all the evidence that is produced in an adoption proceeding, neither does the record in this case purport to do so; yet we are asked to presume there was no evidence of one or more facts necessary to support the judgment and to declare the order or judgment absolutely void. We think the pre-

sumption should rather be in favor of the validity of the order. In the O'Brien case, *supra*, it was necessary that O'Brien's title, to be good, should trace back to a conveyance from the United States. The record of the trial court did not show there was any evidence of this material, even essential, fact. The record did not purport to contain all the evidence, and this court declined to hold a judgment, awarding him title, erroneous. So in this case, as the record of the probate court does not purport to contain all the evidence in the adoption proceedings, we can not assume that it does and that no evidence of one or more essential facts was produced.

Section 5065 of the General Statutes of 1909, relating to the adoption of children, provides that if either parent be dead, proof of the death shall be made by affidavit. If the parents be divorced, the consent of the parent to whom the custody of the child shall have been awarded shall be necessary; that the consent of the other parent, although desirable, is not necessary. The records of the probate court offered in evidence show that one Susie Jackson filed a statement in the probate court of Cherokee county alleging, that she was the "parent" of Willie Turner, then about five years of age, and that she relinquished all right to the child to Louis Dowdell and Julia Dowdell, who were desirous of adopting him as their own. At the same time Louis Dowdell and Julia Dowdell filed a statement offering to adopt Willie Turner; that Willie Turner and his mother, Susie Jackson, appeared before the court and consented to the adoption, and thereupon the court entered an order declaring Willie Turner the child and heir of Louis Dowdell and Julia Dowdell, so adopting him, and further ordered that the child's name shall be and now is Willie Dowdell.

As will be observed, the record is silent as to whether Willie Turner's father was living or dead, or whether he and Willie's mother had been divorced. It is con-

tended by the appellants that the record is therefore fatally defective and the order of adoption void.

The following extract from *Cubitt v. Cubitt*, 74 Kan. 353, 86 Pac. 475, seems applicable to this case:

"When parties voluntarily submit important interests to a court of competent jurisdiction for determination, and such interests are adjusted by such court, and its judgment thereon is entered upon its records, and the parties interested acquiesce in and act thereon for many years, such record should not be lightly set aside or ignored. On the contrary, such judicial proceedings should be construed, when reasonably possible, so as to preserve and protect the rights and interests conferred thereby." (p. 357.)

The appellants in their brief say, although no such evidence appears in their abstract, "The evidence in this case is that the plaintiff's parents are both living, and were at the time of the death of Dowdell." Assuming this to be correct, no affidavit of the father's death could have been filed in the probate court. Moreover, the fact that Willie Turner's mother signed her consent to his adoption by the Dowdells as "Susie Jackson" and was accompanied by the five-year-old boy suggests the presumption that she had been divorced from a husband named Turner and had been awarded the custody of the child, Willie.

No written evidence is required of the divorce of the parents or of the awarding of the custody of the child. That statute also provides that adoptions may be permitted where ample proof is made that the parents have disappeared for more than two years and can not be found by diligent search, and affidavit evidence is not made necessary of such fact.

In support of the judgment of the court, it should be presumed that the court had oral evidence that the parents of Willie had been divorced and his custody awarded to his mother, or that his father had disappeared for more than two years and could not be found by diligent search. The requirement that proof of the

death of a parent should be made by affidavit implies that proof of the other facts may be otherwise made. It may be said that the proof of divorce should be made by the production of the record, but while this may be the rule in a contested action, when objection is made to oral evidence as not the best evidence, the admission of oral evidence in such case would be simply error and not a nullity.

We therefore conclude that the record is not insufficient to show the adoption of Willie Turner by Dowdell and wife, but, aided by proper presumptions, is sufficient. It follows that the judgment of the court should be and it is affirmed.