No. 33,319

Tunis D. Chamberlin, Amanda C. Hubbell and Stephen J. Chamberlin, *Appellants,* v. Robert L. Thorne, H. M. Beckett, as Administrator of the Estate of Ada C. Thorne, Deceased, and H. M. Beckett, Trustee, *Appellees.*

(66 P. 2d 571)

Opinion filed April 10, 1937.

*Charles W. Gorsuch* and *John L. Kirkpatrick,* both of Olathe, for the appellants.

*S. D. Scott* and *Howard E. Payne,* both of Olathe, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This action was brought by collateral heirs against Robert L. Thorne, an adopted son, H. M. Beckett, administrator of the estate of Ada C. Thorne, deceased, and H. M. Beckett, trustee. Four causes of action were pleaded for the respective purposes of establishing title to property of the deceased, for an accounting, to cancel certain deeds held by the trustee and for the ejectment of defendants from property owned by the deceased. Against the petition defendants lodged a demurrer. The demurrer was on four grounds. The third ground was the petition did not state facts sufficient to constitute a cause of action. On that ground the demurrer was sustained and that ruling is the sole basis of this appeal.

The real question is the sufficiency of the adoption proceedings as against this collateral attack. We shall first narrate the substance of a few general facts disclosed by the petition:

Plaintiffs below, appellants here, are a brother, a sister and a nephew of the deceased, Ada C. Thorne, who died intestate. Deceased had no direct heirs unless it be defendant, Robert L. Thorne, the validity of whose adoption is challenged in this action. Robert L. Thorne was the child of Blanche Parson, a single woman. The adoptive parents, John R. Thorne and Ada C. Thorne, residents of Johnson county, Kansas, acquired custody of the child when it was two weeks old, and about a quarter of a century before this action was commenced. The adoptive father died in the year 1931. The adoptive mother died in August of 1935. This action challenging the validity of the adoption was filed in December of 1935.

Parts of the petition are not quoted in the abstract before us, but appear in abstracted form. We are therefore obliged to set forth those abstracted portions as presented to us. The portions of the petition challenging the adoption proceedings are as follows:

"Par. 14. That the defendants unlawfully claim that the defendant, Robert L. Thorne, is the sole heir of said Ada C. Thorne, deceased, under and by virtue of certain proceedings undertaken and acts done by said Ada C. Thorne in her lifetime, and one John R. Thorne, in the year of 1911, in the state of Missouri, and in the year of 1913, in the probate court of Johnson county, Kansas.

"Par. 15. That a full, true and complete copy of the record of said proceedings as the same appears of record in Journal 22, pages 247, 248 and 249,

in the office of said probate court, and as the two pages thereof which comprise the so-called deed of adoption appears of record in the office of the register of deeds for Johnson county, Kansas, in book 5 of Miscellaneous Records, at page 287, there being no other record thereof at or in any other public office, court or place of record in the states of Missouri and Kansas, is hereto attached as 'exhibits C, 1, 2, 3 and 4' and is made a part of the allegations of this cause of action as though written therein.

"Par. 16. The laws of Missouri relative to adoption at times hereinbefore mentioned appear in volume 1, Revised Statutes of Missouri, 1909, at pages 591, 592 and 593, being chapter 20, children, article 1, sections 1671 to 1678, both inclusive, quoted and set out in full. Paragraph 17 alleges interpretation of laws of Missouri by the supreme court thereof by quotations and abstracted statements from the following cases: *Sarazin v. Union Railroad Co.,* 153 Mo. 479; *Hockaday v. Lynn,* 200 Mo. 456; *Gipson v. Orvens,* 226 (Mo.) S. W. 856."

"Par. 18. That said John R. Thorne and Ada C. Thorne did not at any time record said purported deed of adoption in any county in the state of Missouri, and because of their being residents of the state of Kansas, as aforesaid and nonresidents of the state of Missouri, could not and did not comply with the provision of the law requiring such record.

"Par. 19. That having ineffectually attempted to adopt the defendant, Robert L. Thorne, in the state of Missouri as aforesaid, said John R. Thorne and said Ada C. Thorne, then afterwards and on or about June 17, 1913, appeared in the probate court of Johnson county, Kansas, and carried on the proceedings set out in said 'exhibit C, pages 1, 2, 3 and 4,' which proceedings are wholly void as to the adoption of said Robert L. Thorne because of reasons appearing on the face thereof."

"Par. 23. That at and on all the times and dates mentioned in said record said John R. Thorne and said Ada C. Thorne were husband and wife, residing in Johnson county, Kansas, and at no time or times did said John R. Thorne and Ada C. Thorne or either of them ever reside within the state of Missouri."

The deed of adoption attached to the petition reads:

"This deed of adoption, made and entered into this seventeenth day of February, 1911, by and between John R. Thorne and Ada C. Thorne, his wife, of the county of Johnson, state of Kansas, parties of the first part, and Blanche Parson, party of the second part.

"Witnesseth: That in accordance with and by virtue of the statutes of the state of Missouri relating to the adoption of children, said John R. Thorne and Ada C. Thorne, and each of them, for good and valuable consideration to them moving, do hereby adopt the certain male child of said second party, named Park Parson, aged fifteen days, to be known from this time henceforth as Robert Lane Thorne, and as said first parties' legal child and heir, with all the reciprocal relations of parent and child and all the rights and privileges which he might or could enjoy were he their own natural child, and agree to govern, educate, maintain, provide for and in all respects treat said child as though he were their own natural offspring and in keeping with their own station in life.

"In consideration of the premises said Blanche Parson, the parent of said child so adopted, gives consent for the adoption of said child by signing this

deed and in consideration of the foregoing covenants and agreements, hereby agrees that she shall not hereafter have any right or claim for the services, wages, control, custody or company of said child.

"In witness whereof, the said parties of the first part have hereunto set their hands this twenty-third day of August, 1911, and said party of the second part, now a single woman, has hereunto set her hand this seventeenth day of February, 1911.                                          JOHN R. THORNE.
                                                     ADA C. THORNE.
                                                     BLANCHE PARSON."

On the reverse side of the deed appears the acknowledgment of John R. Thorne and Ada C. Thorne, executed in Johnson county, Kansas, and the acknowledgment of Blanche Parson, executed in Jackson county, Missouri. The pertinent portion of the Blanche Parson acknowledgment reads:

"On this seventeenth day of February, 1911, before me, Jno. W. Kefner, a notary public in and for said county and state, appeared Blanche Parson to me known to be the party described in and who executed the foregoing instrument and acknowledged that she executed the same as her free act and deed and the said Blanche Parson further declared to me that she is single and that no person other than herself has any right or claim to said child."

The petition then sets forth the recording of the deed of adoption in the office of the register of deeds of Johnson county, Kansas, the residence of the adoptive parents, on September 7, 1911.

The verified application for adoption, omitting the verification, filed in the probate court of Johnson county, Kansas, on June 17, 1913, reads:

"Comes now John R. Thorne and Ada C. Thorne, husband and wife, and make application to the probate court of Johnson county, Kansas, and offer to adopt Robert Lane Thorne, a minor, male child of Blanche Parson, his mother, and named by her Park Parson.

"Said petitioners show to the court that said minor child was born on the 2d day of February, A. D. 1911, and that when he was fifteen days old, to wit, on the seventeenth day of February, his mother, by deed in writing, duly executed, consented, as the mother and parent of said child, to its adoption by said John R. Thorne and Ada C. Thorne, the petitioners herein, and in said deed, said Blanche Parson, by reason of the consideration, agreements and covenants in said deed set forth, agreed that she shall not hereafter have any right or claim for the services, wages, control, custody or company of said child; that said deed of adoption was executed in the state of Missouri, and in accordance with the laws of said state; and said Blanche Parson in said deed stated that at the time she executed the same that she was a single woman.

"And said petitioners state and show to the court that they have had said minor child in their custody since the 4th day of March, A. D. 1911, that they

are willing to adopt said minor, and that this proceeding is asked for on their part to do their utmost to make said minor child their legal heir, that they love said child as if he were their own flesh and blood, and it is their desire and purpose that said child shall inherit from them as fully and as completely as if he had been born to them, that they are financially able to care for, support and educate said child, that he had been in their home and under their care continuously since said March 4, 1911, and that no other person has at any time or place during that time claimed any right to the possession of said child; that these petitioners have a good home and are able and will give said child such care and protection as he may need, that they are willing and able to assume the relation of parents to said minor child, that this application is made for the purpose of making said minor child, Robert Lane Thorne, their son and heir, and your petitioners bring said minor child, Robert L. Thorne, into open court.

"Wherefore, your petitioners pray for an order of this court adopting said child, Robert Lane Thorne, as the son and heir of your petitioners, and that said minor child, Robert Lane Thorne, be and become entitled to all the rights, title and privileges, and be the heirs at law of your petitioners.

JOHN R. THORNE.
ADA C. THORNE."

The order of adoption made on June 17, 1913, omitting the caption, reads:

"And now on this 17th day of June, 1913, at the June term of the probate court in Johnson county, Kansas, personally appeared in open court, Robert Lane Thorne, a minor child, two years of age, and John R. Thorne and Ada C. Thorne, husband and wife, and presents to the court a deed of adoption executed by Blanche Parson, mother of said Robert Lane Thorne, executed by her on the 17th day of February, A. D. 1911, in the state of Missouri, and when said child was fifteen days old, and in which said deed said mother, who was then a single woman, consented to the adoption of said child by said John R. Thorne and Ada C. Thorne, and agreed that she shall not, after the execution of said deed, have any right or claim for services, wages, control or custody or company of said child; and the said petitioners present said deed as one of the pleadings herein, and duly filed the same for record herein.

"Thereupon this cause came on to be heard by the court upon the pleadings and the evidence adduced, and the court having heard the evidence adduced, and having duly considered the pleadings and the evidence, and being now well and fully advised in the premises, find that said Robert Lane Thorne, formerly Park Parson, is a minor child of the age of two years, that his mother who had the custody of him about two weeks consented in writing, in a deed duly acknowledged, to the adoption of said minor child by said John R. Thorne and Ada C. Thorne, husband and wife, and the court finds that the said petitioners herein have had said minor child in their custody continuously since March 4, 1911, and are desirous of legally adopting him as their son and heir, and have come into open court and covenant and agree to hereby adopt him as their son and heir, and in open court do consent to the adoption and do declare him to be their own child and heir.

"And now this cause coming on for the decision and order of the court:

"It is therefore now by the court considered, ordered and adjudged that said minor child, Robert Lane Thorne, upon the written consent of said mother, Blanche Parson, by her deed herein and upon the consent and application of the petitioners herein, doth order and adjudge Robert Lane Thorne to be the child and heir of John R. Thorne and Ada C. Thorne, his wife.

"Done at the probate court in Johnson county, Kansas, at Olathe, Kan., this 17th day of June, A. D. 1913.                    ROBERT BAKER,
                              *Probate Judge of Johnson County, Kansas."*

Appellants first contend the petition discloses the adoption was originally attempted under the laws of Missouri by what is there known as a deed of adoption. They insist the attempted adoption was void in Missouri because the adoptive parents did not reside in that state, and the deed could not have been recorded in a county of Missouri which was the residence of the adoptive parents, as the adoptive parents were residents of Johnson county, Kansas. We need not determine whether the deed of adoption, for the above or other reasons, constitutes a valid adoption in Missouri. We need only determine whether the entire proceedings in the probate court of Kansas, including the contents and effect of the deed of adoption, filed in the probate court of Johnson county, Kansas, together with the decree of adoption in this state, constitutes sufficient compliance with the Kansas law as against a collateral attack.

Appellants next contend the entire proceedings in Kansas are void because the Kansas court lacked jurisdiction to order an adoption. First, it must be constantly kept in mind this action is strictly a collateral attack. In 2 C. J. S., Adoption of Children, § 50, it is said:

"The questioning of the validity of a decree of adoption in any proceeding other than a direct appeal or a petition to set aside the adoption is a collateral attack." (p. 440.)

In 1 R. C. L., § 38, Adoption of Children, it is said:

"The judgment or decree necessarily implies a finding of all material facts not inconsistent with the record, and though a petition for adoption omits allegations of consent of the parents, or of facts excusing such consent, the entry of a decree implies that the court found the necessary facts, and the decree is therefore not impeachable collaterally." (p. 627.)

It must be remembered the collateral attack on the ground of jurisdiction, in the instant case, is based not on the evidence the court is presumed to have had before it, but only upon what appears on the *face* of the record. Appellants say:

"Examining the proceedings in the probate court (A, 5, 6, 7, 8 and 9) with reference to the law and this appears: Ada C. Thorne and Robert were before the court. The minor's parents were not before the court and nothing is in the record about whether or not the parents were living in the state. It is certain that the court did not require the parents to appear before it. No reference to any guardian is made. No showing or statement is made whether either or both parents of the minor were nonresidents of the state. Certainly no affidavit was filed by all such nonresident parents or guardian setting forth that they are parents of such minors and that they consent to such adoption by the applicant and that such consent is free and voluntary. Whether or not either parent was alleged to be dead does not appear and no affidavit of death appears. No divorce of the parents of the minor is alleged, and absence of any statement of the father of the minor is not explained. No charge was made that the parents had disappeared for more than two years and could not be found by diligent search.

"In lieu of the requirements of the law the probate court attempted to assume jurisdiction over the mother of the minor, the father being disregarded, by virtue of an instrument signed and acknowledged but not made under oath, by the mother on February 17, 1911 (A. 9, Deed of Adoption, A. 6 and 7) more than two years before the proceedings in the probate court."

In 2 C. J. S., Adoption of Children, § 51, the rule is stated thus:

"It is usually presumed in a collateral attack upon adoption proceedings that all jurisdictional prerequisites have been met.

"In accordance with the modern tendency to give adoption statutes a liberal construction to effect their benevolent purposes and to promote the welfare of the child, as pointed out above in § 6 of this title, in several jurisdictions it is held that a decree of adoption is entitled, upon a collateral attack, to the usual presumptions upholding judgments of courts of general jurisdiction. Consequently it will be presumed that statutes requiring abandonment, notice, consent of the parent or of the child, that the natural parents be dead and that the adoption be for the child's best interest, that the child's residence be within the county, that the petition be presented in the proper county, and that the findings of the court be based upon proper evidence, have been satisfied. Thus it will be presumed that all jurisdictional prerequisites have been met, that the proceedings were regular, and that the court performed its duty of determining who was the proper person to have the care and custody of the child."

It must be noted that a decree of adoption in this state has the benefit of the presumption of jurisdiction which attaches to judgments of courts of general jurisdiction. This follows for the reason that our probate courts, as to orders of adoption, are courts of general jurisdiction. (*Denton v. Miller*, 110 Kan. 292, 203 Pac. 693.) In 1 Am. Jur., Adoption of Children, § 78, it is said:

"If in the particular jurisdiction the adoption decree is given a standing of the judgment of a court of general jurisdiction, then the lack of jurisdiction must appear from the record before it is subject to collateral attack." (p. 676.)

Mere silence of the record as to the existence of facts essential to jurisdiction is therefore not sufficient to dethrone a judgment of adoption on collateral attack. In the Denton case, *supra,* it was held:

"The probate court in making an order of adoption is to be regarded as a court of general jurisdiction, and the existence of facts essential to jurisdiction is to be presumed where 'the contrary does not appear, although not affirmatively shown by the record." (Syl. ¶ 1.)

All the petition in the instant case alleges is that the instruments attached to the petition are a full, true and complete copy of the record (¶ 15), and that the adoption is void because of reasons appearing on the face of the record (¶ 19). The order of adoption states the deed was one of the pleadings filed. The inference is, therefore, it was not the only pleading filed. The order of adoption, in the instant case, does not purport to summarize all papers filed and all evidence introduced, nor does the law require it to do so. In the case of *Dowdell v. Grand Lodge,* 91 Kan. 128, 136 Pac. 920, it was said:

"The question to be determined, then, is whether the record of the adoption of Willie Dowdell by Louis Dowdell and wife is sufficient, aided by proper presumptions, to show a valid adoption, or whether, on the contrary, the adoption proceeding was absolutely void.

"Where the record does not purport to contain all the testimony, a reviewing court cannot assume that it does. (*O'Brien v. Creitz,* 10 Kan. 202.) A reviewing court will never presume error, but the error, if any, must be affirmatively shown. (*Hall v. Jenness & Cohen,* 6 Kan. 356.)

"The statute does not require that the record of the probate court should set forth all the evidence that is produced in an adoption proceeding, neither does the record in this case purport to do so; yet we are asked to presume there was no evidence of one or more facts necessary to support the judgment and to declare the order or judgment absolutely void. We think the presumption should rather be in favor of the validity of the order." (p. 131.)

Two of the adoption statutes in force in 1913 were G. S. 1868, ch. 67, § 5 and § 7, and they are the same as the present statutes, G. S. 1935, 38-105, 38-107. The other statute was Laws of 1903, ch. 361, § 1, and it is the same as R. S. 38-106. Appellants say no affidavit was filed as was required in the event the parents of the child were nonresidents. (R. S. 38-106.) As stated, the probate record does not purport to be a complete record of all papers filed. Assuming, however, no affidavit was filed, how can that help appellants? They admit the record does not show that either or both parents of the adopted child were nonresidents. On collateral attack it will be

presumed that not only one but both parents were residents of Johnson county, Kansas. Appellants contend the minor's parents did not appear before the probate court and relinquish their rights to the child as required. That contention, too, is based on the fact the face of the record does not affirmatively disclose their presence. It will be noted the statute did not then nor does it now require a consent in writing. (G. S. 1935, 38-105, 38-106.) On collateral attack the necessary presence and consent to sustain the judgment will be presumed unless the contrary appears, and the contrary does not appear.

In the Denton case, *supra,* the order of adoption was attacked on the ground neither it nor any other part of the record showed the adopting parents, the child or the child's father appeared in court. This court said:

"The probate court being with respect to the subject involved one of general jurisdiction, the failure of the record to show affirmatively the existence of facts necessary to the jurisdiction undertaken to be exercised is not sufficient to defeat it upon a collateral attack; in case the record is merely silent the presumption is that the jurisdictional facts existed. (23 Cyc. 1078.)" (p. 294.)

Appellants argue the deed of adoption is signed only by the mother. The fact her consent appeared in writing does not show the father did not orally consent. A similar contention was urged in the Denton case, and the court said:

"If a showing with respect to the child's father was needed, it was supplied by a recital in a paper filed by the mother at the time of the proceedings that the child had no known relatives except herself." (p. 294.)

The acknowledgment of the deed of adoption in the instant case disclosed that no person other than the mother had any right or claim to the child. That fact stands unrebutted. Certainly the deed disclosed the mother's written consent to the adoption. That consent stands admitted. The record, also, affirmatively discloses the child appeared in probate court with the adoptive parents and that such parents had the child in their continuous custody over two years prior to the judgment of adoption.

Thus aided by the necessary presumptions which are accorded to judgments of courts of general jurisdiction on collateral attack, the probate court of Johnson county, Kansas, had complete jurisdiction to enter the decree of adoption.

We have here a judgment of adoption rendered about twenty-five years ago. It was rendered at a time when the child was only two

years of age. It was at the mercy of others. It was taken into the custody of adoptive parents. After the lapse of almost a quarter of a century, collateral heirs determine to upset a judgment solemnly entered for the protection of an innocent child. And what is their interest, the welfare of the child? Quite the contrary. Certainly under such circumstances statutes must be liberally construed to effect their benevolent purpose and to uphold the intention of the parties, consummated in good faith, as against strangers collaterally attacking the adoption for purely selfish ends. The demurrer was properly sustained and the judgment is affirmed.