No. 34,690

Isabelle LeShure, Petitioner, *Appellant*, v. Charles L. Zumalt and Florence Zumalt, Respondents, *Appellees*.

(100 P. 2d 643)

Opinion filed
April 6, 1940.

*Arthur H. Snyder*, of Hutchinson, for the appellant.

*Charles M. Williams, Donald C. Martindell, Wm. D. P. Carey* and *Wesley E. Brown*, all of Hutchinson, for the appellees.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment in proceedings in habeas corpus wherein the appellant sought unsuccessfully to recover the custody of a nine-year-old child who has been a member of the family of defendants for the past seven years pursuant to adoption proceedings in the probate court of Reno county in 1933.

The basis of appellant's action in the trial court and likewise asserted here is her contention that the adoption proceedings were void. For a solution of that proposition we resort to the record.

It appears that in 1933 and for some years prior thereto the appellant and one Kelley E. Robinson, of Reno county, were husband and wife and that there was born to them the child, Billy Jean Robinson, now called Billy Jean Zumalt. Early in 1933 marital difficulties arose between these parents, and proceedings were instituted in the probate court to effect the adoption of their child by Charles L. Zumalt and Florence Zumalt, his wife. The parents separately gave their consent to such adoption, the father on December 28, 1932, and the mother on February 20, 1933.

Later, on March 7, 1933, this petitioner filed an action against her husband for divorce, in which among other matters she alleged that her husband was in the state penitentiary serving a sentence for theft of an automobile, and—

"That there has been born to plaintiff and defendant one child, a little boy named Billy Jean Robinson, and about two and one-half years of age, and that said child has been adopted by a man and his wife who reside here in the city of Hutchinson, and named Charles Zumalt and Florence Zumalt, his wife, and plaintiff and defendant, as parents of said child, consented to said adoption and now approve same. . . ."

The prayer of her petition was for a divorce and attorney fees.

On April 22, 1933, the trial court granted her a divorce and, among other matters, decreed—

"That plaintiff have and is hereby given the care and custody of said minor child."

Later, on May 11, 1933, a further hearing was held before the probate court in respect to the adoption of the child—the petitioner, the child, and Mr. and Mrs. Zumalt being personally before the court. The Zumalts filed a formal instrument, reciting that—

"We, the undersigned, do hereby offer to adopt Billy Jean Robinson, the minor child above mentioned, as our own child."

The record also recites—

"And Billy Jean Robinson, the said minor, and Isabelle Robinson, his mother, at the same time appear before said court, and consent to such adoption.

"And thereupon the said probate court, being satisfied that such consent is free and voluntary, the said court doth now make its proceedings of record in said probate court, and doth declare Billy Jean Robinson, the minor child aforesaid, the child and heir of Charles L. Zumalt and Florence Zumalt aforesaid, so adopting him and his name be changed to Billy Jean Zumalt.

(Signed)   A. B. LEIGH, *Probate Judge.*"

Since the foregoing proceedings occurred, the petitioner has remarried. Summarizing her complaints against the judgment, she says that she was coerced into giving her consent to the adoption of her child by—

"Hon. Judge Nicklin, the judge of the probate court, and H. A. Nichols, probation officer; *that these threats were made prior to the said officers leaving office.*"

Be that as it may, there could be no pretense that such coercion was still restraining her when she gave the facts to her attorney who filed her divorce petition some three months later, and in which she neither gave a hint of such coercion nor did she ask for the custody of the child. Obviously the recital in the divorce decree that she should have its custody was a mere inadvertence. While the prayer of a petition is no part of the cause of action (*Eagan v. Murray,*

102 Kan. 193, 170 Pac. 389), the judgment cannot properly extend to matters not in issue and excluded from the issues by the explicit allegations of the pleadings.

Appellant's contention that her husband did not sign his consent to the adoption of the child on December 28, 1932, is merely a quibble. He gave his consent on that date, but signed his name on the instrument of consent in the wrong place. Moreover, the statute does not require that such consent be in writing. (G. S. 38-106.)

The petitioner seeks to make another point which, if it had any merit, would be highly ill-advised. She argues that her divorce was prematurely granted on April 22, 1933. What should we imply from that contention—that her present marriage is a nullity, and that the subsequent adoption proceedings in the probate court were void because her lawful husband, Kelley E. Robinson, did not give his consent thereto? For the appellant's own good name and standing we give no countenance to such an unusual contention. (*Reinhart v. Reinhart*, 148 Kan. 542, 83 P. 2d 628.) If further answer to this point were needed, the consent given by the husband in December, 1932, to the adoption which was later completely effected on May 11, 1933, was quite sufficient (G. S. 1935, 38-105), especially since on the latter date he was incarcerated in the penitentiary.

Whatever infirmities may have inhered in the prior adoption proceedings at the time appellant filed her action for a divorce, the later adoption proceedings of May 11, 1933, met every requirement of the statute. The petitioner was then in court, the child was in court, and the adoptive parents were in court. And each and all of them gave their assent thereto. And even if some infirmity had inhered in them, they would not be open to collateral attack as attempted in these habeas corpus proceedings. (G. S. 1935, 60-2213; *Chamberlin v. Thorne*, 145 Kan. 663, 66 P. 2d 571; *In re MacLean*, 147 Kan. 678, 78 P. 2d 855; *Hardesty v. Hardesty*, 150 Kan. 271, 92 P. 2d 49.)

The judgment is affirmed.