No. 37,240

VIOLET WALKER and NORMAN WALKER, *Appellees,* v. CLIFFORD McNUTT and HETTIE MARIE McNUTT, *Appellants.*

(196 P. 2d 163)

Opinion filed July 10, 1948.

*L. M. Kagey,* of Wichita, argued the cause, and *Max L. Hamilton,* of Wichita, was with him on the briefs for the appellants.

*Henry E. Martz,* of Wichita, argued the cause, and *Fred W. Aley* and *Lee R. Meador,* both of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was a habeas corpus proceedings. On January 27, 1948, plaintiffs filed their petition in the district court of Sedgwick county in which they alleged that they are husband and wife and the parents of Carolyn Diane Walker, aged three years; that defendants have unlawful possession and control of the child and forcibly maintain such possession and control contrary to the desires and wishes of the petitioners; that on December 3, 1947, defendants unlawfully had a guardian appointed for the child by the probate court of Sedgwick county and the same day filed a petition in that court for the adoption of the child, and that they have had possession of the child for approximately two years and nine months, and that these facts constitute the basis for defendants' claim of legal custody of the child.

Defendants filed a motion to dismiss the petition upon the ground the court was without jurisdiction, for the reason, among others, that there was pending in the probate court a proceedings for adoption of the child. Copies of the papers filed and the orders made by the probate court were attached and made a part of the motion. These will be noted more specifically later. The motion was denied and defendants were required to answer by a stated date. On that date they asked the court to reconsider the ruling upon the motion to dismiss, which motion was denied. Defendants then filed their answer in which they specifically denied that the child, "Carolyn Diane Walker is now illegally held in their custody contrary to the wishes of the plaintiff, Violet Walker, or Norman Walker, or has ever been held contrary to their wishes"; and further alleged that custody of the child was taken at the special instance and request of Violet Walker, who had signed a consent for them to adopt the child, and that proceedings for the adoption of the child were instituted in the probate court of Sedgwick county in December, 1947. Copies of the papers filed and orders made in that proceeding were made a part of the answer. They further alleged that they had had custody of the child for almost three years, had furnished her with a good home and care, all at the express wish of the mother; that neither of the plaintiffs has ever supported or cared for the child or performed any of the duties of a parent in any manner, at all times knowing that such care and attention were being given the child by defendants; and further

alleged that this proceeding constitutes a collateral attack upon the orders of the probate court in the adoption proceedings. The prayer was that the petition be denied and the writ dissolved, and for further equitable relief.

The court heard the evidence and found generally for plaintiffs and decreed the defendants promptly deliver the custody and possession of the child to plaintiffs, but further decreed that to avoid inconvenience and to protect the rights of the parties the temporary custody of the child be given to Mary Threlfall Smith, to be retained by her in the Wichita Children's Home pending the appeal taken by defendants, and if no appeal be taken within thirty days to deliver the child to the plaintiffs.

Defendants filed a motion for a new trial, which was considered by the court and overruled. Defendants perfected their appeal within the time given them by the decree of the district court. In this court appellants contend that the probate court obtained prior jurisdiction of the controversy to the exclusion of the district court; that the habeas corpus proceedings constitute a collateral attack upon the jurisdiction of the probate court and was an attempted substitute for an appeal, and that the evidence of plaintiffs failed to show that the child was illegally held by defendants.

The pertinent part of the record necessary to be considered here may be summarized as follows: The plaintiff, Violet Walker, was one of the ten children of C. D. Brinnigar and his wife, of Wichita. Her mother died in July, 1939. In some way she became acquainted with Norman Walker, a sergeant in the army, when he was stationed at El Paso, Tex. They were married in Juarez, Old Mexico, February 8, 1944 (and married a second time April 13, 1946, in Henrietta, Tex.). They lived together in El Paso until June of that year, when her husband was transferred and later sent overseas. She returned to Wichita, where the child in question was born November 25, 1944, a few days after she was nineteen years of age. About a month after the child was born she thought it was necessary to work. She obtained a position and placed the child in a nursing home at an expense of $15 per week. About the middle of February she concluded she could not make enough working to pay the expenses of keeping her child and herself and inquired of a friend for the name of someone who might take the child. She was referred to the defendants and went to see them and asked them if they would take the child. They had no children of their

own and were willing to take the child. Mr. McNutt testified that he asked her about the father of the child and she said he was dead. She testified that he asked about the father of the child and where he was and she told him she did not know. Defendants asked her if she would permit them to adopt the child and she stated that she would have to think that over. The defendants took the child on February 18 and had the custody of her until the habeas corpus case was decided. On the day defendants were given the custody of the child Violet Walker left Wichita to seek better employment elsewhere:

Defendants received a letter from the plaintiff, Violet Walker, under date of March 11, 1945, which reads:

"This is the first chance I have had to write. Nobody has tried to cause any trouble have they. I didn't tell anybody where the baby was. If anything comes up, let me know and I will straighten it out. My address down here is 372 Washington St. S. W., Atlanta Georgia Rm. 9. Violet Walker."

On the date of March 16, 1945, defendants received the following telegram, collect, from Atlanta, Georgia:

"I have been thinking it over. I think it is the best thing for her. I will sign adopting papers. Violet Walker."

And under date of March 21, 1945, defendants received a letter which reads:

"Just got the letter this morning, there was a mixup and I had to straighten it out before I could get the letter. I had the paper Signed by a Notary Public this morning so I guess it is alright. How is everything there. Am having quite a bit of fun. Will write a longer letter as soon as I can. I hope Carolyn's cold is better. Until I hear from you both, I remain, As Ever Violet."

Enclosed in that letter was the consent to adoption, which reads:

"3-17-45. I, Violet Walker, mother of Carolyn Diane Walker do hereby consent to the adoption of Carolyn Diane Walker to Clifford McNutt 1055 N. Kansas Wichita Kansas. I do this of my own free will and hereby sign my name to this document in lieu of not having regular adoption form.
(Signed) Violet Walker."
"Signed this 21st day of March, 1945, s/ Louise Head Notary Public, Georgia, State at Large. My commission expires April 20, 1947." (Seal)

Defendants heard nothing from either of the plaintiffs thereafter until the following:

"November 26, 1947    Riverside, Calif.
"Dear Mr. and Mrs. McNutt
"I imagine you'll think it quite surprising to get a letter from me. What I want to know is if Carolyn Diane is legally adopted yet. If so, I would

like to have a copy of the adoption papers, please. I would appreciate it very much if you could let me know right away. Thank you very much.

Sincerely, Mrs. Violet Walker.

"Send the letter to:

S/Sgt. Norman Walker 7013136

Co. 'C', 817th Engineers Aviation Br.

March Field, California

(Reverse side of letter)

"I would like to know something by return mail. Thanking you very much.

Mrs. Violet Walker."

Upon the receipt of this letter the defendants, on December 3, 1947, went into the probate court of Sedgwick county and filed a verified petition for the adoption of the child, which, omitting the caption, the verification and the exhibits, reads:

"PETITION.

COME NOW CLIFFORD McNUTT and HETTIE MARIE McNUTT, whose address is 2810 Stadium Drive, Wichita, Sedgwick County, Kansas, and offer to adopt as their own child and heir CAROLYN DIANE WALKER, minor child, born on the 25th day of Novembeer, 1944, and who is now residing with your petitioners.

"Your petitioners further show to the Court that they own home, as above set out, have a substantial income, and are financially able to support and rear said child.

"Your petitioners further show to the Court that said child is a child of Norman and Violet Walker, whose address is 'Company "C," 817th Aviation Brks., March Field, California' and your petitioners have had said child since February 18, 1945, and that neither the father nor the mother have performed the duties of parents for more than two consecutive years, and on the 3rd day of December, 1947, Mary Threlfall Smith was duly appointed Guardian of the person of said child, and her consent to the adoption of said child by your petitioners is attached to this Petition, and made a part hereof, being marked Exhibit 'A.'

"Your petitioners further show to the Court that the Consent of Violet Walker to said adoption is attached to this Petition, made a part hereof, and marked Exhibit 'B.'

"Your petitioners further shows to the Court that said child is not a ward of any institution, either public or private.

"WHEREFORE, Your petitioners, Clifford McNutt and Hettie Marie McNutt, his wife, pray that the Court set a time and place for the hearing of this Petition on the Interlocutory Order, require the notice to be given, and upon the hearing an Interlocutory Order be issued."

Upon the filing of this petition the court made an order, which, omitting caption and signature, reads:

"ORDER

"Now on this 3rd day of December, 1947, the above matter comes on for hearing upon the application of the above named petitioners for an order

setting their Petition for an Interlocutory Order for hearing, said petitioners appearing in person and by their attorneys, Kagey & Hamilton, By L. M. Kagey.

"THEREUPON, Said matter was duly presented to the Court, and the Court, being fully advised in the premises,

"ORDERS That said hearing upon the Interlocutory Order be set for hearing on the 14th day of January, 1948, at 10:00 o'clock A. M. in the Probate Court Room at the Court House in Wichita, Sedgwick County, Kansas, and that notice of said hearing be given to the Guardian of the person of said child by serving upon said Guardian a copy of this Order, and that notice be given to the parents of said child, Violet Walker and Norman Walker, by mailing a copy of this Order to said parents at the following address: Company 'C,' 817th Aviation Brk., March Field, California.

"IT IS FURTHER ORDERED That pending the hearing on the Interlocutory Order the petitioners, Clifford McNutt and Hettie Marie McNutt, be given temporary custody and control of Carolyn Diane Walker."

On the same date the attorneys for the petitioners, in probate court, mailed a copy of the above order to Violet Walker and Norman Walker to their address: Company C, 817th Aviation Brks., March Field, Cal. This notice was duly received as shown by the testimony of both of them given in the habeas corpus proceeding.

It appears that both of them came to Wichita, and further proceedings were had in the probate court, as shown by the order of the court, which, omitting caption, is as follows:

"ORDER

"Now on this 14th day of January, 1948, the above matter comes on for hearing on the oral application of Violet Walker, the mother of Carolyn Diane Walker, a minor child, by and through her attorneys, Henry E. Martz and Lee R. Meador, for a continuance of the hearing upon the Interlocutory Order heretofore set for hearing on the 14th day of January, 1948.

"The court being fully advised in the premises, finds that a continuance should be granted.

"IT IS THEREFORE ORDERED that the hearing on the Interlocutory Order be continued to the 28th day of January, 1948, at 10: A. M.

"s/ CLYDE M. HUDSON, Judge."

And on the 27th day of January counsel for the plaintiffs filed in the probate court a motion, which, omitting caption, reads:

"MOTION

"Comes now Violet Walker, the mother of Carolyn Diane Walker, a minor child, and respectfully moves this Court for an order denying the Interlocutory Order of Adoption for the following reasons:

"1. That the guardianship proceedings No. 25996 completed on the 3rd day of December, 1947, wherein Mary Threlfall Smith was appointed guardian, are void and that by virtue thereof the Consent to Adoption entered by said guardian in this matter is void and of no effect.

"2. That there is now pending in the District Court of Sedgwick County, Kansas, a proceeding in Habeas Corpus relating to the custody of this child; that the Writ has been issued and served and that this Court is without jurisdiction to proceed further."

The record does not show that this motion has been acted upon by the probate court. On the same day that motion was filed the plaintiffs filed their petition in this habeas corpus proceedings in the district court. The pleadings and the action of the court in this case were summarized early in this opinion.

We turn now to the discussion of the legal questions argued here. In the petition for the writ plaintiffs alleged that defendants, on December 3, 1947, unlawfully had a guardian appointed for the child, who gave consent to the adoption. Without entering into an analysis of the legal questions which might be discussed we shall assume, under the authority of *Johnson v. Best*, 156 Kan. 668, 135 P. 2d 896, that the appointment of a guardian, without notice to the parents, would not bar the habeas corpus proceedings. However, in the adoption proceedings the petition contained other grounds, namely, the consent of the mother and the failure of both plaintiffs to perform the duties of parents for more than two consecutive years. (See G. S. 1947 Supp., 59-2102 [3], [4].) In this court counsel for appellees argued that the consent to the adoption given by the mother in March, 1945, was void on the grounds that she was then a minor, citing *Wilson v. Kansas Children's Home*, 159 Kan. 325, 154 P. 2d 137. The opinion is not an authority for that contention. In that case the minor mother was unmarried. In this case she was married. (See G. S. 1935, 38-101.) In a separate concurring opinion in the Wilson case the view was expressed that this statute would not affect the question of the consent to adoption. But that was not the point upon which the opinion of the court turned. But we need not labor this point. The pleadings in this case present no issue respecting the validity of the mother's consent. It was not referred to in the petition. The answer alleged the consent had been made. No reply was filed, hence it was not denied, nor was it sought to be avoided.

In a habeas corpus proceeding for the custody of a child the real issue is one between private parties contesting a question of private rights. (See *In re Hamilton*, 66 Kan. 754, 71 Pac. 817, and *Wear v. Wear*, 130 Kan. 205, 213, 285 Pac. 606, where additional authorities are cited.)

The probate court is a court of record having original jurisdiction in adoption proceedings, and where the adoption proceedings are opposed the controversy is between the parties seeking the adoption and those opposing it.

In *LeShure v. Zumwalt*, 151 Kan. 737, 100 P. 2d 643, it was held:

"Jurisdiction of proceedings for the adoption of a child is vested in the probate court. Such proceedings are judicial in their nature, and are unassailable by collateral attack."

In *Wilcox v. Fisher*, 163 Kan. 74, 180 P. 2d 283, it was held:

"Valid adoption proceedings are not subject to collateral attack."

In *Chamberlin v. Thorne*, 145 Kan. 663, 66 P. 2d 571, it was held:

"The questioning of the validity of a decree of adoption in any proceeding other than a direct appeal or a petition to set aside the adoption is a collateral attack."

See, also, 2 C. J. S. 440, 442, 443.

It is also well settled in the law that a court which first takes cognizance of an action over which it has jurisdiction and power to afford complete relief has the exclusive right to dispose of the controversy without interference from other courts in which similar actions are subsequently instituted between the same parties seeking similar remedies and involving the same question. (21 C. J. S. 745.)

In 39 C. J. S. 596, the rule is thus stated:

"A court is without jurisdiction to interfere by habeas corpus with the exercise by another court of jurisdiction previously acquired and still existing, or at least, as a matter of comity, it should not and will not do so.

"Pursuant to a general rule of wide application, on which there is no conflict of authorities, it has been held that a court is without jurisdiction where it attempts by habeas corpus to interfere with the exercise by another court of jurisdiction theretofore acquired, whether such jurisdiction is acquired in another habeas corpus proceeding or on appeal, or otherwise, unless the prior jurisdiction has been terminated."

Among the cases cited in support of the text is *State v. Callahan*, 93 Kan. 172, 144 Pac. 189, where it was said in the opinion:

"It is a matter in which there is no conflict of authorities, that where a court of competent jurisdiction first acquires jurisdiction in a particular matter no other court can legally assume jurisdiction unless the jurisdiction of the former court is by appeal or otherwise lawfully transferred to it." (p. 176.)

In *Proctor v. Dicklow*, 57 Kan. 119, 45 Pac. 86, it was said in the opinion:

". . . it is a well-established rule that, in cases where two courts have

concurrent jurisdiction, the court which first takes cognizance of the cause retains it to the exclusion of the other. (*Shoemaker v. Brown,* 10 Kan. 383; *Smith v. The Eureka Bank,* 24 *id.* 528; *Kothman v. Markson,* 34 *id.* 542, 9 Pac. 218; *Gafford, Guardian, v. Dickinson, Adm'r,* 37 *id.* 291, 15 Pac. 175.) The adjudication of the probate court in a matter within its jurisdiction is as conclusive upon the parties as is the judgment of the district court, and it should be allowed to stand unless set aside upon appeal or some direct attack." (p. 126.)

In 14 Am. Jur. 435, the rule is thus stated:

"It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, subject only to the appellate authority, . . ."

And on page 436 it is said:

"An essential condition of the application of the rule as to priority of jurisdiction is that the first suit shall afford the plaintiff in the second an adequate and complete opportunity for the adjudication of his rights, . . ."

And on page 439 it is said:

"Where the pendency of a suit in one court is relied on to defeat a second suit in another court of concurrent jurisdiction, the identity of the parties, of the case made, and of the relief sought should be such that if the first suit had been decided it could be pleaded in bar as a former adjudication."

Upon the authorities above cited it is clear that had the adoption proceeding continued in the probate court in favor of the petitioners there, that proceeding might have been pleaded effectively as a bar for this habeas corpus proceeding.

Upon the record before us it is clear that a valid petition for adoption had been filed in the probate court (G. S. 1947 Supp. 59-2277). The probate court had made temporary orders thereon, as authorized by statute (G. S. 1947 Supp. 59-2278), fixing the date for hearing upon the interlocutory order and requiring notice thereof to be given to the child's parents, and further ordered "That pending the hearing on the Interlocutory Order the petitioners, Clifford McNutt and Hettie Marie McNutt, be given temporary custody and control of Carolyn Diane Walker." Notice was given to the parents of the child, Violet Walker and Norman Walker. They received the notice and acted upon it. One of them appeared in court and sought and obtained a continuance of the hearing and appeared a second time asking that the case be dismissed. The proceedings pending in the probate court involved the respective rights of the parties to the custody of the child. That was the issue involved in the habeas corpus proceeding.

Appellants contend the court in the habeas corpus proceeding had no evidence upon which to base a holding that the defendants had the custody of the child unlawfully. The point is well taken. In fact the record clearly shows they had the child with the consent of the mother and with no objections from either the father or the mother for almost three years; that in addition to that consent they had the consent of the mother for their adoption of the child. Prior to the filing of the habeas corpus proceeding neither the father nor the mother had made any demand upon defendants for the custody of the child, or said anything to them which indicated that their custody of the child was either unlawful or against their wishes. But even more effective was the order of the probate court of December 3, 1947, specifically giving defendants the temporary custody and control of the child pending further hearing in that court.

The result of what has been said is that the judgment of the trial court must be reversed with directions to return the child to the appellants and to dismiss the habeas corpus proceeding. It is so ordered.