WILLIAM H. HEYDORF, *Appellant*, v. ANNIE COOPER, *Appellee*.

No: 18,377.

### SYLLABUS BY THE COURT.

ADOPTION — *Minor Child — Father May Appeal from Order.* Where upon the granting of a divorce the custody of a child has been awarded to the mother, the father may maintain an appeal from an order of the probate court granting a petition for the adoption of the child; such an order is within the terms of the statute making final decisions appealable, and the father has a standing to maintain the appeal, notwithstanding a provision that his consent to the adoption order is not necessary, although desirable.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed October 11, 1913. Reversed.

*C. T. Atkinson,* of Arkansas City, for the appellant.
*John Parman,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Annie Cooper, desiring to adopt her minor grandchild, Anna Heydorf, filed in the probate court a petition for an order to that effect. Her petition was granted, and W. H. Heydorf, the father of the child, undertook to appeal to the district court. There the petitioner moved to dismiss the appeal on two grounds: (1) that the order was not appealable; and (2) that Heydorf could not maintain an appeal. The motion to dismiss was sustained, and Heydorf appeals to this court.

The statute reads:

"Appeals shall be allowed from the decision of the probate court, to the district court, in the following cases:   .  .  .   and in all other cases where there shall be a final decision of any matter arising under the jurisdiction of the probate court, except in cases of *habeas corpus* and injunction." (Gen. Stat. 1909, § 3624.)

We think an order for the adoption of a minor child is a final decision in a matter of which the probate court has jurisdiction, and may be appealed from.

The father and the mother of the child had been divorced, and the custody had been awarded to the mother. The mother consented that the petitioner, her mother, should adopt the child. The argument is made that in this situation the father had no standing to appeal from the decision of the probate court. The statute provides that upon an offer to adopt a minor child being made in the probate court:

"The court shall investigate the matter, and shall require that the minor appear or be brought before the court, and shall require that such of the minor's parents as are living in the state, and the guardian (if any), appear also in court, without expense to the public. .  .  . If the parents of such minor child shall have been divorced, the consent of the parent to whom custody of such child shall have been awarded shall be necessary to authorize an order of adoption, but the

consent of the other parent, though desirable, shall not be necessary." (Gen. Stat. 1909, § 5065.)

The statute thus recognizes that while a father who has been lawfully deprived of the custody of his child can not at his pleasure prevent an order of adoption, his consent thereto is "desirable." The implication is clear that he is entitled to be heard on the question, and we think it follows that he may maintain an appeal. His legal rights with respect to the custody of his child are not annulled because of the decree in the divorce case; they are merely suspended. (*In re Hollinger*, ante, p. 77, 132 Pac. 1181.) An order of adoption would cut them off finally, and it is proper that he should have a full hearing before this is done.

The judgment is reversed and the cause remanded for further proceedings.