Morrison v. Chamberlain.

---

No. 26,239.

In the Matter of the Application of DONALD E. MORRISON, a Minor, et al., for a Writ of Habeas Corpus, etc., *Petitioner,* v. THOMAS M. CHAMBERLAIN et al., *Respondents.*

SYLLABUS BY THE COURT.

ADOPTION—*Notice of Proceedings—Parent Deprived of Custody by Divorce Decree.* When, by a decree of divorce, the custody of a minor child of the parties is awarded to the mother, and thereafter she appears in probate court and consents to an order of adoption of the child by other parties, the fact that the father of the child, though a resident of the county, was not notified of the hearing upon the adoption proceedings, and was not present and did not give his consent thereto, and had no actual knowledge thereof until several months later, does not deprive the probate court of jurisdiction to make the order.

Original proceedings in habeas corpus. Opinion filed December 5, 1925. Judgment for respondents.

*Claude L. Peterson* and *Francis E. Howe,* both of Kansas City, for the petitioner.

*Joel E. Osborn, Jr., James L. Hogin* and *Roy R. Hubbard,* all of Kansas City, for the respondents.

The opinion of the court was delivered by

HARVEY, J.: This is an original habeas corpus proceedings for the custody of a child. The legal question involved is the validity of an adoption proceeding, made by the consent of the mother of the child, but without notice to the father, who was a resident of the state. The facts have been agreed upon. The question arises in this manner: The petitioner, W. D. Morrison, and Grace Chamberlain, daughter of respondents, were married in January, 1914.

Adoption of Children, 1 C. J. § 78; 30 L. R. A., n. s., 151; 24 A. L. R. 424; 1 R. C. L. 609.

As a result of the marriage the child, Donald E. Morrison, whose custody is involved in this proceeding, was born August 17, 1916. In December, 1917, Grace Morrison obtained a divorce from W. D. Morrison, in a proceeding which he did not contest. The decree in that case awarded the custody of the child, Donald E. Morrison, to the mother, Grace Morrison, and provided that the father, W. D. Morrison, pay $5 per week for the support of the child. In August, 1918, Grace Morrison married Carl Ericson. In July, 1919, in a proceeding had in probate court of Wyandotte county, Grace Ericson appeared and consented in writing to the adoption of Donald E. Morrison by her parents, Thomas M. and Mary E. Chamberlain. As to this proceeding, it is stated in the agreed facts:

"That the father of said child, W. D. Morrison, was not present at the time of said adoption, was not notified in any manner of the same, nor did he give his consent thereto, and he was at the time of the said adoption a resident of Wyandotte county, Kansas."

In March, 1920, Grace Ericson secured a divorce from Carl Ericson, and soon thereafter again married her former husband, W. D. Morrison. At the time of this marriage the child was in possession of his grandparents, the respondents herein, and was returned by them voluntarily to his parents.

In March, 1924, due to the condition of her health, Grace Morrison was residing temporarily in Colorado, and with her were her parents and her child Donald. While there she filed in the district court of Wyandotte county, Kansas, an action against her husband, W. D. Morrison, for separate maintenance, in which an order was made that the defendant pay to her for the support of herself and child $15 per week. Grace Morrison died at Phœnix, Ariz., in December, 1924. Soon thereafter her parents and the child Donald returned to Wyandotte county, Kansas, and continued to live there. The father, W. D. Morrison, claimed the custody of the child. His right to the custody was controverted by the child's grandparents, hence this proceeding.

The petitioner contends that the adoption proceedings were void as to him, because of his lack of notice thereof and of his consent thereto. This contention cannot be sustained. The statute pertaining to adoption proceedings in probate court (R. S. 38-106) does not predicate jurisdiction of the court upon notice, but upon appearance and consent (except in circumstances not necessary to be considered in this case).

In *Denton v. James,* 107 Kan. 729, 733, it was said:

"The statute does not recognize notice at all. It requires appearance."

And at page 734:

"Turning to the adoption statute, it will be observed that nobody is required to appear at an adoption proceeding who is not required to consent to it, and the reason for appearance must be found in the reason for consent."

As applying to the situation where the parents have been divorced and the custody of their child decreed to one of them, the statute provides:

"If the parents of such minor shall have been divorced, the consent of the parent to whom custody of such child shall have been awarded shall be necessary to authorize an order of adoption, but the consent of the other parent, though desirable, shall not be necessary." (R. S. 38-106.)

So the consent of the father, W. D. Morrison, in this case not being essential, his appearance at the time of the adoption was not essential, and the fact that he did not appear and did not consent did not deprive the probate court of jurisdiction to make the order of adoption.

The petitioner argues that the decree of the court in the divorce case awarding the custody of the child to the mother was one that was subject to modification, and hence did not deprive him finally and completely of the custody of the child. This is true, and had no adoption proceedings been had in the interim, upon the death of the child's mother the custody would have reverted to the father, even though the parties had not remarried. But this situation does not change the effect of the statute as to the jurisdiction of a probate court in adoption proceedings where there has been a divorce and the custody of the child awarded to one of the parties, and that one appears and consents to the adoption.

The petitioner calls our attention to *Heydoff v. Cooper,* 90 Kan. 511, 135 Pac. 578, where it was held where a divorce had been granted and the custody of the child had been awarded to the mother, who thereafter appeared and consented to an adoption, the father had such an interest in the adoption proceedings as to give him the right of appeal from the probate court. But an appeal from an adoption proceedings is a direct attack upon it and would raise the question of the wisdom of the order made, and might also raise the question of jurisdiction of the court to make the order. In this case no appeal was taken. The attack upon the adoption

proceedings here is collateral and goes only to the jurisdiction of the court to make the order. If the court had jurisdiction to make the order, the question of the wisdom of the order made cannot be inquired into in this collateral proceeding. Since the probate court had jurisdiction to make the order of adoption in this case, the legal right to the custody of the minor, Donald E. Morrison, is in the respondents.

There remains for consideration the question of the best interests of the child, always a paramount one in cases of this character. By the agreed facts it appears that the respondents are each of the age of about seventy years, that they are able financially to provide for the child, and are persons of good moral character. Donald E. Morrison is an active child, nine years of age, not always readily amenable to discipline. By the agreed facts it appears that after the death of his mother and while he was making his home with respondents he "continuously ran away from them, and they were unable to control him." Because of this he was charged in the juvenile court of Wyandotte county with being a delinquent child. These charges are undetermined. Pending their determination the juvenile court made an order placing the child in the custody of Mr. and Mrs. H. E. Kearney, who are relatives of the mother, at the place where the father resides. Since then the child ran away and was absent for the period of a day. It also appears that the father, W. D. Morrison, is thirty-four years of age, that he is employed as a railway express messenger, which employment keeps him absent from home about half the time, that he earns sufficient to provide for the child, and that he is of good moral character. Ordinarily it is to the best interests of a child to be with those parents, or adopted parents, who have the legal right to his custody (*Whittaker v. Coffman,* 112 Kan. 594, 211 Pac. 1116, 212 Pac. 912), and since we have found the adoption to have been valid, and respondents to have the legal right to the custody of the child in question, we would award such custody to respondents were it not for the fact that he continually runs away from them, and they are unable to control him. It is not easy to see how the petitioner, if he had custody of this child, could properly care for him, for his work requires him to be away from home half the time, and what this bundle of energy would do during such times can only be anticipated.

Since the question of the actual custody is now pending in the juvenile court of Wyandotte county, and since that court is nearer to the parties and can keep in touch with the situation more closely than this court can do, we shall, for the present at least, leave that matter with that court. In passing upon any questions concerning the actual custody of the child, that court should give full consideration to the fact that the respondents herein are legally entitled to the custody of the child, and the actual custody should be with them, if it develops that they are able properly to control him. In the event they continue to be unable to do so, the actual custody should be placed with someone who can do. so, if possible, for it is highly important that at this age the child have, as nearly as possible, the parental supervision and control necessary to make him a useful citizen.

The judgment will be that the respondents have the legal right to the custody of the minor child, Donald E. Morrison, and that this court retain jurisdiction for such other and further orders as may be necessary.