No. 34,184

WILLIAM REYNOLDS, *Appellant*, v. ARMOUR AND COMPANY and THE METROPOLITAN LIFE INSURANCE COMPANY, *Appellees*.

(87 P. 2d 530)

Opinion filed March 4, 1939.

*C. D. Bruce,* of Kansas City, for the appellant.

*Edwin S. McAnany, Thomas M. Van Cleave, Willard L. Phillips, Bernhard W. Alden, Patrick B. McAnany* and *Thomas Van Cleave, Jr.,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiff appeals from various adverse rulings on motions and demurrers directed against a series of petitions filed by him.

The record discloses that after each ruling now complained of, except on two demurrers to the last amended petition, plaintiff filed amended petitions, thereby acquiescing in the rulings of the trial court, and as to all of those rulings he cannot now complain. (See *Harmon v. James,* 146 Kan. 205, 69 P. 2d 690.) It is to be noted, however, that in their main aspects each of the petitions was substantially similar.

Summarized, the last amended petition alleged the corporate status of the defendants: That plaintiff in 1922 commenced work in the packing plant now and since prior to February 20, 1926, conducted by defendant Armour and Company; that a short time prior to February 20, 1926, Armour and Company and the Metropolitan Life Insurance Company, hereafter referred to as insurance company, conspired together unlawfully to cheat, wrong, defraud and extort from plaintiff as follows: Defendants compelled plaintiff against his will to sign up for group insurance by causing three persons named as foremen of Armour and Company to inform plaintiff "You had better take that insurance or it will be your job with Armour and Company," meaning he should take the insurance or lose his job; that he feared he would lose his job, and under the duress thereof he signed an application for insurance and for deduction from his wages for payment of premiums, and that thereafter he received certificates. Copies of the application, of certifi-

cates issued plaintiff and of the insurance policy issued to Armour and Company by the insurance company were attached to the petition, and will be mentioned later. It was further alleged that plaintiff was afraid to protest or to object to deduction of wages for payment of the premiums on the insurance for fear of losing his job, and that Armour and Company, against plaintiff's will and without his consent, deducted from his wages the sum of thirty-five cents per week from February 20, 1926, to March 8, 1935, for a total sum of $177.45 to the mutual profit of the defendants.

"That said defendants, in furtherance of said unlawful conspiracy and acts as aforesaid, extorted from plaintiff said sum of $177.45 of his earned wages," etc.

That on March 8, 1935, plaintiff was laid off, he expected to be re-hired by Armour and Company down to the date of the filing of the action. He was afraid to protest or to file suit sooner for his rights (for fear) "that he would lose his right to return to work for said defendant, Armour and Company, a corporation. That plaintiff was under the duress of said threats from the time they were made down to the date of the filing of this cause in court." That he should have judgment for $177.45 and interest and penalties and the court should declare his application void. It was also alleged that he was entitled to an attorney's fee of $300 and to exemplary damages of $5,000. The prayer was that the application for insurance be declared void and that plaintiff have judgment for the several amounts mentioned.

To the petition were attached four lettered exhibits. "A" was a certificate of the insurance company that plaintiff, an employee of Armour and Company, was subject to, and under the terms of a group health policy No. 860, covering incapacity from sickness for a definite period under conditions specified in "Armour Employees Representation Plan." "B" was a similar certificate, that plaintiff was an employee of Armour and Company, was subject to terms of group policy No. 2893, on insured's life, and showing Lunnie Reynolds as beneficiary. "C" was policy No. 2893, stating the insurance company insured the lives of employees of Armour and Company. "D" was an application for insurance, signed by plaintiff, showing plaintiff to be an employee of Armour and Company, his occupation, his length of service, sex, race, date of birth, and designating his wife "Lunnie" as beneficiary, and as part thereof he authorized

Armour and Company to deduct 35 cents per week from his pay to cover "my share of the premiums due on group insurance."

Each defendant demurred to this last-amended petition as not stating facts sufficient to constitute a cause of action. Both demurrers were sustained and the appeal followed.

Appellant characterizes his action as one to recover wages maliciously, wrongfully and willfully deducted and extorted from an employee, but as we understand his argument his claim amounts to this: The right to labor is property. An employer has no right to require his employees to participate in a group insurance plan. If he does so and the employee contributes to that plan to avoid loss of his employment, he does so by coercion and under duress, and therefore at the termination of the employment or the suspension of the duress, he may recover the amount which he has contributed.

Appellees deny the correctness of any such theory of liability, but contend first that the petition, while charging conspiracy, does so only by pleading a legal conclusion and not by alleging any facts from which it follows or may be inferred that a conspiracy existed between the two defendants. The rule for charging conspiracy and the sufficiency of allegation thereof was under consideration in *Stoner v. Wilson*, 140 Kan. 383, 36 P. 2d 999, and it was there held:

"The mere charging of a conspiracy, without stating the facts and circumstances which warrant recovery against the claimed conspirators, is not sufficient, and in order that the petition state a cause of action the acts of the parties from which it follows or may be inferred that there was a conspiracy must be alleged as well as the facts, showing that as a result the plaintiff suffered damages for which he is entitled to recover." (Syl. ¶ 1.)

Assuming for the moment that an employer may not make it a condition of employment that the employee shall participate in a group insurance plan, it is to be observed that the last-amended petition charges the legal conclusion the parties conspired, but it fails to plead any facts charging directly, or from which it may fairly be inferred, that as between the two defendants there was any concerted action between them, or any act on the part of the insurance company that if plaintiff did not participate in the insurance plan he should not have his job. If there was a failure to charge the conspiracy, there was of necessity a failure to plead a cause of action against the insurance company. Even so, the question remains whether a cause of action was pleaded against Armour and Company.

Appellant's contention has been stated above. He contends that by insisting its employees participate in its group insurance plan, Armour and Company violated the statute requiring a corporation to pay wages to its employees as often as semimonthly (G. S. 1935, 44-301), and two sections of the crimes act—one, G. S. 1935, 21-551, dealing with cheating by false pretenses; the other, G. S. 1935, 21-2412, dealing with blackmail. We fail to see where either of the first two statutes has anything to do with the matters alleged in the petition. As to the matter of extortion included within the statute pertaining to blackmail, we think it entirely inapplicable for reasons hereafter noted.

Appellant's whole story is predicated on the assumption that his right to work is a property right and that his employer may not put conditions on his exercising it. He sees great evils in group insurance, and argues that an employer who demands his employees participate therein acts wrongfully and must respond therefor. In that connection, he relies on *Fajans v. R. H. Macy & Co., Inc.*, 163 Misc. 182, 296 N. Y. S. 658, where it was held that an employer was liable for making it a condition of employment that the employee participate in an insurance plan and agree that deduction from his wages be made therefor. A reading of that case will disclose the state of New York had a statute on the subject, and that the case is not in point here, for we have no such statute.

It may be observed that appellant does not plead he had any contract of employment with Armour and Company for any definite period of time. For aught that appears in the petition, the company was at liberty to discharge him at any time it chose or for any reason it saw fit. Certainly appellant had the right to labor. Just as certainly the company had the right not to hire him. If there was to be a relation of employer and employee, it had to be because of mutual agreement between them. They had the right to negotiate as to wages; if they could not agree, appellant could not force his services on the company at what he considered the right wage nor could the company compel him to labor for it at a wage to which he did not agree. An employer also has a right to insist on other conditions, if not prohibited by law. He may fix the total number of hours of employment, the hour of the day the employment shall commence, when it shall cease. In certain lines, employees must furnish some or all of their tools and equipment; uniforms are required in certain occupations, such as ushers in theaters, bellboys at

hotels, nurses at hospitals, etc. Whether such tools, equipment, uniforms, etc., are at the expense of the employer or employee is reflected in the compensation paid. One of the sources of labor troubles has been whether or not the employer shall deduct union dues from its employees for the benefit of the union. Innumerable instances could be mentioned wherein conditions of employment have been agreed on, some at the insistence of the employer and some at the insistence of the employee.

In the case before us, the petition charges that plaintiff was compelled as a condition of employment that he participate in a plan of group insurance, and while it is charged that defendants unlawfully conspired to so compel him to labor, there is no allegation that maintenance by Armour and Company of a group insurance plan is unlawful. Insofar as that company is concerned, all that is charged or may be inferred from the petition is that that company promulgated a group insurance plan in which appellant participated because he was told he would lose his job if he did not. So participating, he held his job for over nine years. Two years after his employment had ceased he claimed that during the entire period he was under duress and the moneys deducted from his wages were extorted from him.

We agree with the trial court that the petition did not state facts sufficient to constitute a cause of action against either defendant, and its judgment is affirmed.