Nos. 34,326, 34,378

RICHARD P. HARDESTY, JR., *Appellee*, v. FRANCES V. HARDESTY, *Appellant*.

(92 P. 2d 49)

Opinion filed July 8, 1939.

*Reginald H. Glandon,* of Kansas City, for the appellant.
*Howard E. Payne,* of Olathe, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: In this appeal two related cases are consolidated.

Richard P. Hardesty, Jr., brought an action for divorce against Frances V. Hardesty in the district court of Johnson county. On January 28, 1938, a decree of divorce was granted plaintiff on the ground of extreme cruelty and gross neglect of duty. Under the

decree the care, custody and control of the minor child, Minta Christine Hardesty, subject to reasonable visitation by defendant, was granted to the plaintiff.

Thereafter and on July 29, 1938, proceedings for the adoption of the minor child were had in the probate court of Johnson county. The record shows that Richard P. Hardesty, Sr., and Christine Hardesty filed a written offer to adopt such minor child; that Richard P. Hardesty, Jr., father of the child, filed a relinquishment of all right to such child; that these parties and the child were present in court; that the court thereupon by its order and judg- ment "doth declare Minta Christine Hardesty the minor child afore- said, the child and heir of Richard P. Hardesty and Christine Hard- esty aforesaid."

On January 4, 1939, Frances V. Hardesty, defendant in the divorce action, and mother of the minor child, filed an application in the probate court to vacate the order of adoption. It was alleged that petitioner had no notice of the adoption proceedings; that under the decree of divorce Richard P. Hardesty, Jr., was not given the absolute and unconditional control of the minor child required by statute G. S. 1935, 38-106. It was further alleged that the probate court had no jurisdiction to make the order of adoption for the reason that the district court had retained jurisdiction over the minor child in the divorce decree; that extrinsic fraud was imposed on the probate court by the parties to the adoption proceedings "when they did not recite the reservation of visitation periods con- tained in the divorce decree in the adoption decree."

A motion to quash the application to vacate the order of adoption on the ground no appeal from the order was taken, and that the order of the court had become final and conclusive and that the probate court had no jurisdiction to revoke the order of adoption, was sustained by the court. On appeal to the district court the order of the probate court in sustaining the motion to quash was affirmed. The appeal in case No. 34,378 is from the order of the district court so made and entered.

Under G. S. 1935, 38-106, it was not necessary to have the con- sent of the petitioner to the adoption proceedings. It is there pro- vided:

"If the parents of such minor child shall have been divorced, the consent of the parent to whom custody of such child shall have been awarded shall be necessary to authorize an order of adoption, but the consent of the other parent, though desirable, shall not be necessary. . . ."

Under this provision the order of adoption could not be impeached for failure to serve notice on the petitioner.

As stated, under the decree of divorce the custody of the child was given to the father, the plaintiff in that action. The adoption statute required the consent of the parent to whom the custody of the child was given. The consent of the father was given and the validity of the adoption was not affected by the fact that in the decree of divorce the petitioner was permitted to visit the child from time to time. Right of visitation does not give custody.

The charge is made that extrinsic fraud was imposed on the probate court in securing the order of adoption. Appellee contends this question cannot be raised by a motion filed in the probate court.

The proceeding before us is in the form of a motion to set aside a judgment of the probate court for fraud under subdivision four of 60-3007. By section 60-3016 the provisions of 60-3007 are made applicable to probate courts. (See *First Colored Baptist Church v. Caldwell,* 138 Kan 581, 27 P. 2d 239.) However, under 60-3011 proceedings to vacate or modify a judgment on the grounds mentioned in subdivisions four, five, six, seven, eight and nine of 60-3007 must be by petition. "On such petition a summons shall issue and be served as in the commencement of an action." In *State v. Soffietti,* 90 Kan. 742, 136 Pac. 260, it was stated: "The proceeding to vacate, while incidental to the original action, is, in effect, a new action, equitable in character, and the initiatory steps are therefore very material. The code requires that not only a petition shall be filed, but that 'a summons shall issue and be served as in the commencement of an action.'" The record does not show that a summons was ever issued or served in this proceeding.

Complaint is made of the failure to incorporate into the adoption decree the right of visitation allowed the defendant in the divorce decree. In the recent case of *Chamberlin v. Thorne,* 145 Kan. 663, 66 P. 2d 571, it was stated:

"The statutes of this state do not require that the record of a probate court should set forth all the evidence introduced in an adoption proceeding; the record in the instant case did not purport to do so and the presumption is in favor of the validity of the order of adoption and not against it." (Syl. ¶ 3.)

Clearly the failure to incorporate the recitals contained in the divorce decree into the judgment of adoption would not constitute fraud which would impeach the judgment of adoption. This being true the only remaining allegation of fraud is that "extrinsic fraud

was imposed on the probate court." But a general averment of fraud, without stating the facts upon which the charge is based presents no issue to be determined. (*Ladd v. Nystol*, 63 Kan. 23, 64 Pac. 985; *Rogers v. J. R. Oil and Drilling Co.*, 149 Kan. 807, 89 P. 2d 847.)

We find no error in the action of the district court in sustaining the order of the probate court quashing the motion.

In case No. 34,326 the defendant in the divorce action filed a motion on September 21, 1938, to modify that part of the decree of divorce giving the care and custody of the minor child to the plaintiff upon the ground of fraud and irregularity in obtaining the order of custody. The record shows that on the 12th day of December, 1938, the motion came on for hearing, the parties to the divorce action and their attorneys being present, "the court, after reading the motion of the defendant for such modification makes a demurrer *sua sponte* to the jurisdiction and after hearing arguments of counsel, finds that by the intervention of the probate court adoption proceedings, the district court of Johnson county, Kansas, has lost jurisdiction of the minor child and refuses to hear defendant's motion to modify the decree as to the care and custody of the minor child." The appeal in case No. 34,326 is from this order of the district court.

It is contended the district court erred in ruling it had no jurisdiction to hear and decide the motion to modify the decree as to the custody of the child.

In the case of *In re Hosford*, 107 Kan. 115, 190 Pac. 765, a similar question arose under the juvenile court act. In that case the juvenile court had made a finding that a child was dependent and neglected and made an order giving her to the care of a children's aid society. Thereafter the mother applied to the district court asking that the order made in a divorce case be modified, and that she be given the custody of the child. The court said:

"The continuing jurisdiction of a court which has granted a divorce to supervise the custody of minor children of the parties cannot be interfered with by another court which except for such retained jurisdiction would have authority under a writ of habeas corpus to make the same inquiry and grant the same relief. (*In re Petitt*, 84 Kan. 637, 114 Pac. 1071.) The juvenile court, however, stands upon a very different footing. It is specifically given jurisdiction 'of all cases concerning dependent, neglected and delinquent children.' (G. S. 1915, 3065.) The conditions under which it may take control of a child and the manner in which it may exercise it are quite different from those existing in the case of any other tribunal. It is of course inferior to the district court, to which an appeal in some instances may be taken from its rulings

(G. S. 1915, 3076), and which may exercise supervision and control over it to prevent and correct errors and abuses. (G. S. 1915, 2957.) But this appellate and supervising power must be exercised directly and according to some prescribed method. The district court has no authority, merely by reason of its broader powers, to disregard the action of the juvenile court. If, for instance, a boy whose custody had been awarded by the district court to his father should by reason of some serious delinquency be regularly committed by the juvenile court to the state reformatory, assuming that to be authorized by the statute (G. S. 1915, 3073), or—as often happens—to the state industrial school, it would seem quite out of keeping with the general plan of administering such matters if the duration of his stay there could be controlled by the district court in virtue of its reserved jurisdiction, and that situation would not be essentially different from the one here presented, so far as relates to the jurisdiction of the district court, for even such a commitment would not be for the purpose of punishment, but for the welfare of the child. (*In re Turner*, 94 Kan. 115, 145 Pac. 871.)" (p. 117.)

The reasons supporting the decision in the Hosford case are applicable here. Our statutes, G. S. 1935, 38-105, 38-106, especially confer jurisdiction upon the probate court in the adoption of children. If the parents of a minor child shall have been divorced, "the consent of the parent to whom custody of such child shall have been awarded shall be necessary to authorize an order of adoption, but the consent of the other parent, though desirable, shall not be necessary." (38-106.) The record shows the requirements of the statute were complied with. The adoption having been regularly made, the status of the child was changed—it was no longer the child of its natural parents, but by virtue of the adoption became the child of the adoptive parents, and the jurisdiction of the district court in the divorce proceedings ceased. The welfare of the child is the matter of paramount importance. To accomplish that end the adoption statutes were enacted. An order of adoption regularly made by the probate court and not appealed from (See *Heydorf v. Cooper*, 90 Kan. 511, 135 Pac. 578), determines the status of the child. Manifestly if the district court could make subsequent orders in the divorce action as to the custody and control of the child it would to that extent nullify the adoption statute. We do not think such an *impasse* was contemplated by the legislature. Of necessity when the adoption in the probate court was final, upon proceedings in conformity with the statute, the jurisdiction of the district court ceased, and there was no error in the action of the district court in refusing to modify the custody decree.

The judgment of the trial court in both actions is affirmed.