No. 35,664

ALLEN O. HENDRICKS, *Appellee*, v. WICHITA FEDERAL SAVINGS AND LOAN ASSOCIATION, and JOHN R. CAUTHORN, *Appellants*.

(131 P. 2d 889)

Opinion filed December 12, 1942.

*A. V. Roberts* argued the cause, and *Paul W. Schmidt, Verne Roberts, L. P. Brooks* and *George Hondros,* all of Wichita, were on the briefs for the appellants.

*Joseph A. Fuller* argued the cause, and *R. E. Angle* was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action for a money judgment against four defendants. Two of them have appealed from three orders made by the trial court just prior to the commencement of a second trial of the same action.

At the outset we are confronted with the contention of appellee that appellants are not entitled to be heard with respect to the particular rulings involved. Appellee argues that only two of the orders from which an appeal is now attempted are discussed by appellants and that only one legal question is involved in the two orders. Appellee further contends the only legal point raised is the sufficiency of his amended petition to state a cause of action against appellants; that the district court ruled adversely to appellants on that point during the previous trial; that appellants did not appeal from such original order but, on the contrary, joined issues by filing their answer, to which appellee filed a reply; that the time for appeal from such original ruling has expired and that they cannot now present the same question on appeal under the pretext they are also appealing from an order overruling their motion for judgment on the pleadings.

The action was one to recover a money judgment against the appellants, Wichita Federal Savings and Loan Association, John R. Cauthorn and two other individuals. The latter two are not appealing. The theory of the action was that plaintiff was induced to part with his money by reason of the false and fraudulent representations of the defendants and by reason of the scheming and conniving of the defendants as set forth in the petition.

In order to clearly understand appellee's contention that the instant appeal does not lie, it is necessary to understand both the nature of the rulings now complained of and the circumstances under which they were made. In the first trial appellants, by demurrer, challenged the sufficiency of the petition to state a cause of action. The demurrer was overruled. No appeal was perfected from that ruling and the time to appeal therefrom has long since expired. Following the overruling of their demurrer appellants answered and plaintiff filed a reply. Upon the issues thus joined the action was tried to a jury. A verdict was returned in favor of the plaintiff and against these appellants. Later the district court sustained appellants' motion for a new trial for a reason, or reasons, not disclosed by the record.

When the action was called for the second trial appellee asked leave to amend his amended petition by inserting the word "conspiring" immediately after the word "scheming" contained in the following paragraph which immediately preceded the prayer:

"Plaintiff further states that because of the fraudulent representations of the

defendants herein and of their scheming and conniving as set forth herein the plaintiff has been defrauded out of said one thousand dollars; that the foregoing statements and representations of the defendants were made to the plaintiff knowing they were false at the time they were made, and they were made with the intention that plaintiff should act thereon and be deceived thereby; and plaintiff did rely thereon and believe said statements to be true and acted thereon to his damage as aforesaid. That by order of court requiring plaintiff to elect between contract and tort plaintiff elects to proceed in tort."

The application was allowed. Without withdrawing their answer, and while both the answer and reply remained on file, appellants jointly and severally demurred to the amended petition for the reason it did not state facts sufficient to constitute a cause of action. They objected to the introduction of testimony for the same reason, and they moved for judgment on the pleadings. The demurrer, the objection to the introduction of evidence and the motion for judgment were all overruled. From these rulings appellants have appealed. The motion for judgment on the pleadings is not argued at all. Only the other two rulings are listed in their specifications of error. Appellants concede the only point involved in the instant appeal is whether the amended petition states a cause of action.

The original ruling on the demurrer to the petition became the law of the case. The ruling was that the petition did state a cause of action. Unappealed from, that ruling became and remained the law of the case, in the absence of a changed ruling by the trial court or an amendment to the petition which materially affected the cause of action attempted to be pleaded. There was no appeal from the ruling, no changed ruling by the trial court and no final judgment has yet been rendered.

It should be noted that appellants in nowise contend the insertion of the word "conspiring" withdrew anything from or added anything to the effect of the former petition. They in fact admit nothing new was presented by the inserting of the word "conspiring." They expressly argue that the sufficiency of a pleading with respect to conspiracy is not determined by the use of the words "conspire" or "conspiring," but is determined by the facts and circumstances pleaded which show or tend to show a conspiracy existed. In that contention they are correct. (*Stoner v. Wilson,* 140 Kan. 383, 36 P. 2d 999; *Rogers v. J. R. Oil and Drilling Co.,* 149 Kan. 807, 89 P. 2d 847; *Reynolds v. Armour & Co.,* 149 Kan. 460, 87 P. 2d 530.) It is therefore clear appellants' contention now is precisely what it

was when the previous demurrer was presented. It follows, that even according to their own contention, no question of law is presented now which was not presented by the previous demurrer. The time within which to perfect an appeal from the ruling on the previous demurrer has expired. (G. S. 1941 Supp. 60-3309.) The time limit for taking an appeal from that ruling cannot be extended by the subsequent filing of a motion for judgment on the pleadings, even if such motion could be construed to raise the question of the sufficiency of the petition. (*Gas Service Co. v. Consolidated Gas Utilities Corp.*, 150 Kan. 715, 96 P. 2d 608.)

It might be argued that even though the insertion of the word "conspiring" added nothing to the legal effect of the petition, it did, technically speaking, constitute an amendment, and that in order to save their contention appellants were required to renew their demurrer. A mere renewal of the previous demurrer could not extend the time for perfecting an appeal from the ruling on the original demurrer. Moreover, if appellants merely intended to advise the court they were continuing their objection to the sufficiency of the last amended petition, that result was already accomplished by their answer, which was not withdrawn and which, among other things, contained a general demurrer.

In addition to the fact that there can be no review now of the original ruling on the demurrer, we may also state the trial court did not abuse sound judicial discretion in overruling the demurrer or the objection to the introduction of testimony, after all the issues had been joined by appropriate pleadings. As heretofore stated, appellants had not withdrawn their answer when they demurred to the amended petition just preceding the commencement of the second trial. In the case of *Glenn v. Railway Co.*, 87 Kan. 391, 124 Pac. 420, we held:

"After the parties to a civil action have, in proper time, by their pleadings framed issues of fact to be tried, it is not good practice to allow one party at the trial, without at least withdrawing his pleading, to orally demur to the sufficiency of the pleading of the other party, and thus discard the issues of fact and raise new issues of law." (Syl. ¶ 3.)

That principle, under the same circumstances, applies to an objection to the introduction of evidence. (*Glenn v. Railway Co.*, supra, p. 393.) The appeal must be dismissed. It is so ordered.